Argued October 23, affirmed December 8, 1975, reconsideration denied January 14, petition for review denied February 10, 1976

HOFFMAN, *Petitioner, v.* HIGHWAY DIVISION
(No. 4871, CA 261), *Respondent.*
543 P2d 50

*Gary K. Jensen,* Eugene, argued the cause for petitioner. With him on the brief were Dwyer & Jensen, P. C., Eugene.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and LEE, Judges.

LEE, J.

Petitioner appeals from a final order of the Highway Division issued pursuant to ORS 377.775(3)(a)[1] to remove a sign from his property.

The basis for the order was that (1) petitioner's sign was an "outdoor advertising sign"; (2) such signs require permits per ORS 377.725(1);[2] (3) peti-

---

[1] ORS 377.775(3)(a) provides:

"If a noncomplying sign bears the name and address of its owner or if the owner of the sign is readily identified and located, the engineer shall notify the owner that the sign is in violation of ORS 377.700 to 377.840 and that the owner has 30 days from the date of the notice within which to make the sign comply, to remove the sign or to request a hearing before the engineer within the time specified in the notice."

[2] ORS 377.725(1) provides:

"Unless an annual permit has been issued therefor, an outdoor advertising sign or a directional sign shall not be erected, maintained or replaced by any person."

tioner had not obtained a permit; and, therefore, (4) the sign was subject to removal under ORS 377.-775(3)(a) as "noncomplying."

The sign, erected in October 1970, reads "SERVE 'N SAVE PLYWOOD Future Home GOSHEN BRANCH." It is located near the Goshen interchange on Interstate 5.

The site of the sign is a vacant lot. Petitioner has made four unsuccessful attempts to secure a zone change for construction of a plywood store at the site. Petitioner does own a SERVE 'N SAVE PLYWOOD business in nearby Eugene.

1. Petitioner claims that the hearings officer erred in finding that the sign was an "outdoor advertising sign" and not an "on-premises sign" per ORS 377.-710(22) which provides:

> " 'On-premises sign' means a sign which advertises *only the activities conducted on* or the sale or lease of *the property* on which the sign is located." (Emphasis supplied.)

No "activities" were actually being "conducted" on "the property." In contrast, ORS 377.710(23) provides:

> " 'Outdoor advertising sign' means a sign which advertises:
>
> "(a) Goods, products or services which are *not* sold, manufactured or distributed *on or from the premises* on which the sign is located; or
>
> "(b) Facilities *not located on the premises* on which the sign is located." (Emphasis supplied.)

Whether the identification of the future site of the plywood business be characterized as "goods," "products," or "services," they were *not* sold "on or from

the premises." The sign in effect advertised "facilities" which were "not located" on the property. We conclude, as a matter of law, that the hearings officer's finding that the structure was an "outdoor advertising sign" was correct.

■ Petitioner further claims that respondent erred in not granting "just compensation" under ORS 377.-765(2)(a) which provides, in part:

> "Outdoor advertising signs in existence on July 2, 1971, which are *lawfully located* outside of a commercial or industrial zone in existence on July 2, 1971, and within 660 feet of the nearest edge of the right of way of an interstate highway or a primary highway may be removed only upon payment of just compensation as provided by ORS 377.780. No such sign shall be required to be removed prior to July 1, 1976 * * *." (Emphasis supplied.)

Petitioner had not obtained a permit for the sign as required by law, so the sign was not "lawfully located" and therefore failed to qualify for "just compensation."

■■ Finally, petitioner argues that the payment of just compensation is nevertheless required by the Oregon Constitution, Art I, § 20, which states:

> "No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

A legislative classification will not be held to violate Art I, § 20 so long as the legislature had some reasonable basis for the classification. *Mallatt v. Luihn et al*, 206 Or 678, 702, 294 P2d 871 (1956). We find no infringement of Art I, § 20.

Affirmed.